Filed 5/8/26  P. v. Segundo-Villa CA4/1
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086187 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF019391) |
| CARLOS SEGUNDO-VILLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Joshyn Pulliam, Judge.  Affirmed.

Carlos Segundo-Villa, in pro. per.; and Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from the denial of a petition for resentencing regarding 2009 convictions for three counts of attempted, premeditated murder.  The petition was brought under the authority of Penal Code[1] section 1172.6.  The trial court reviewed the record of conviction and found no evidence of liability based on the acts of others as appellant was the sole

---

[1]     Statutory references are to the Penal Code.

perpetrator of the offense. The court dismissed the petition at the prima facie stage.

In 2009, a jury found Carlos Segundo-Villa guilty of three counts of premeditated attempted murder (§§ 664, 187) and found the alleged firearm enhancements true.

In January 2023, appellant filed a petition for resentencing under section 1172.6.

The court took judicial notice of the court file and held a hearing. The court found appellant was the sole perpetrator and there was no basis for resentencing under section 1172.6. Appointed counsel did not present any argument in support of the petition.

Appellant filed a timely notice of appeal.

Appellate counsel has filed a brief on the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 indicating counsel has not been able to identify any potentially meritorious issue for reversal on appeal. We advised appellant of his right to file his own brief on appeal. Appellant has responded with a supplemental brief.

In his brief, appellant claims his counsel was ineffective for not presenting appellant's view that he is entitled to resentencing because the jury was instructed on the so-called "kill zone" theory of liability for attempting to kill all the persons in that zone. Appellant argues his petition under section 1172.6 should allow him to claim the kill zone jury instruction renders the attempted murder convictions invalid.

The difficulty with appellant's argument is it does not address the purpose of that section. Section 1172.6 allows relief where the defendant's liability is based on the actions of others. It is not a substitute for appeal on the merits of the conviction. Appellant's conviction was final in 2012. While

there has been considerable litigation of the "kill zone" instruction, a resentencing petition under section 1172.6 is not the vehicle to permit a challenge to jury instructions in a case which has long been final on direct appeal.

Appellant has not raised any potentially meritorious issues for reversal of the trial court's order denying his petition for resentencing.

DISCUSSION

Appellate counsel recognizes *Delgadillo* allows appellate courts to exercise their discretion to independently review the record error in the same manner as required under *People v. Wende* (1979) 25 Cal.3d 436. We have exercised our discretion to review the record for error. We have not discovered any potentially meritorious issues for reversal of the trial court order denying the petition under section 1172.6.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.[*]

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.

---

[*]     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.